UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 09-177 |
| DALTON BENNETT, ET AL. | SECTION "N" |

## ORDER AND REASONS

Before the Court is the Government's Motion in Limine to Determine Admissibility of Expert Testimony (Rec. Doc. 147). This motion is opposed.[1] (See Rec. Doc. 152). In this motion, the Government requests a pre-trial hearing to determine whether Defendant Lance Bennett's expert witness testimony is relevant or admissible under Rule 702 of the Federal Rules of Evidence. After considering the memoranda of counsel and the applicable law,

**IT IS ORDERED** that the **Government's Motion in Limine to Determine Admissibility of Expert Testimony (Rec. Doc. 147)** is **GRANTED** in the following respect, for substantially the same reasons set forth by the Government in the instant motion. Specifically, this Court agrees that no meaningful description of the expected testimony of Defendant's experts Robert Leonard and Freddy Cleveland has been provided. No specific opinion is stated,

---

[1] Defendants argue simply that their experts' "opinions" are just as descriptive (or non-descriptive) as the Government's disclosure. The Court disagrees.

nor is any basis for such an opinion (whatever that may be) provided. For instance, Bennett states that the opinions are that "Jackson (Government's expert) is wrong about street values and distribution", but the witness(es) provide(s) no basis for such conclusion, nor any opinion of what these experts believe is the "correct" or accurate street value and means of distribution. Moreover, no expert will testify that another's opinion "is speculative and based upon unreliable methodology", as such assessment is the task of the Court on pretrial motion, or the jury if such opinions are admitted. The other two "opinions" identified by defense counsel are not opinions at all - "[r]egarding identification and specification of firearms and place of manufacture" and "[r]egarding the testimony of John Palm." No opinion, no qualification to render such opinion, and no basis for any opinion are recited at all. Notably, Defendant provided nothing more to the Government than stating that these experts will refute the testimony of the Government's experts. The Court concludes that such description is insufficient. Further, Mr. Leonard's resume (See Exhibit C to Rec. Doc. 147) fails to reveal that he has any expertise whatsoever in drug slang, the drug trade, or in drug transactions. Thus,

**IT IS FURTHER ORDERED** that, within 72 hours of this Order being docketed in the record of this case, Defendant shall supplement its description of the expert's expected testimony by providing the expected opinions as to the following matters:

    a) street values and packaging for distribution, interpretation of drug code and slang;

    b) identification and specification of firearms and place of manufacture; and

    c) the testimony of John Palm.

(See Exhibit A to Rec. Doc. 147). Defendant has to also provide the general substance of the expected testimony, including the basis for the disagreement with the testimony of the

Government's experts.

**IT IS FINALLY ORDERED** that, if necessary after such supplementation, the Court may have a *Daubert* hearing outside of the presence of the jury.

New Orleans, Louisiana, this 25th day of May, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**